UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JOHN MARK HALCOMB,

        Plaintiff,                  Case No. 2:11-cv-316

v.                                         Honorable R. Allan Edgar

KIM L. MCCULLOUGH, et al.,

        Defendants.
_____/

**OPINION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against Defendant Greg McQuiggin. The Court will serve the complaint against Defendants Kim L. McCullough, Timothy Stallman and Jeffery Stieve.

**Discussion**

I. Factual allegations

Plaintiff John Mark Halcomb, a state prisoner, filed this *pro se* civil rights action against Defendants Dr. Kim L. McCullough, Dr. Timothy Stallman, Warden Greg McQuiggin, and Chief Medical Officer of Prison Health Services Jeffery Stieve. Plaintiff alleges that on August 9, 2009, while confined at the Kinross Correctional Facility (KCF), he was diagnosed with a left inguinal hernia by Dr. T. Piazza. Plaintiff was approved for surgery on March of 2010. On April 20, 2010, Plaintiff was taken to War Memorial Hospital, where Defendant McCullough performed a preoperative history and physical. Plaintiff's hernia repair surgery was performed by Defendant McCullough on May 6, 2010.

Plaintiff states that following surgery his testicles were swollen to the size of tennis balls and that they were black and blue. Plaintiff asked the recovery room nurse how long he had been in surgery and she replied that the actual surgery took less than 12 minutes, but that he had been unconscious for approximately 1 hour.

On June 25, 2010, Plaintiff asked to see a doctor because he was still experiencing pain and bruising in his left testicle. In July of 2010, Plaintiff informed health care staff that the bruising in his left testicle had finally subsided, but that the testicle continued to be swollen and drooped substantially lower than the right testicle. In August of 2010, Plaintiff had Resident Unit Officer Cherret contact Health Care because he was experiencing a "sharp pulling pain" in his groin and lower abdomen. Plaintiff was seen by Physician's Assistant Bran, during which Plaintiff was examined and rated the level of pain at a 7 out of 10. P.A. Bran told Plaintiff that his left testicle would eventually return to normal size, but Plaintiff asserts that this has not occurred as of yet.

On October 31, 2010, Plaintiff filed a grievance asserting a denial of medical care for his continuing problem. On November 1, 2010, Plaintiff was seen by Defendant Stallman. Plaintiff told Defendant Stallman that he was still experiencing "pulling pain" in his left groin area, upper left thigh, and lower abdomen. Defendant Stallman examined Plaintiff and confirmed that his left testicle hung substantially lower than his right and prescribed an antibiotic and supportive briefs. Plaintiff states that neither of these measures remedied his condition. On November 9, 2010, Plaintiff again complained of pain and drooping in his left testicle. Plaintiff was seen by Defendant Stallman on November 23, 2010. During the appointment, Plaintiff requested stronger pain medication and asked to be seen by Defendant McCullough for his continuing problems. Defendant Stallman denied Plaintiff's request. Defendant Stallman told Plaintiff that most surgeons will not admit to making a mistake during surgery and that having one testicle larger than the other was a "livable" condition.

Plaintiff's condition continued to worsen, causing Plaintiff to have difficulty walking for more than 20 minutes. Plaintiff again sought assistance from health care on December 23, 2010. On December 28, 2010, Plaintiff was seen by P.A. Bran. Plaintiff told Bran that his pain was 8 out of 10. P.A. Bran reissued Motrin for Plaintiff's pain, denying him a stronger prescription. Plaintiff requested health care on February 7, 2011, and was seen by Defendant Stallman on February 19, 2011. During this examination, Defendant Stallman determined that Plaintiff was suffering from possible nerve damage and decreased blood flow. On March 20, 2011, Plaintiff requested a medication refill and complained that the hot water bottle given to him by the nurse did not relieve the tingling pain in his groin. On July 17, 2011, nearly 17 months after surgery, Plaintiff again

requested medical attention for the persistent pain in his left groin. P.A. Bran informed Plaintiff that a doctor's appointment would be forthcoming, but as yet, Plaintiff has not been seen by a doctor.

Plaintiff claims that Defendants violated his rights under the Eighth Amendment, as well as under state law. Plaintiff seeks equitable relief and damages.

II. Failure to state a claim

A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 129 S. Ct. at 1950 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal*

plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

The court notes that liability under Section 1983 must be based on more than merely the right to control employees. *Polk Co. v. Dodson*, 454 U.S. 312, 325-26 (1981); *Monell v. New York City Department of Social Services*, 436 U.S. 658 (1978). Thus, Section 1983 liability cannot be premised upon mere allegations of *respondeat superior*. *Monell*, 436 U.S. at 691; *Polk*, 454 U.S. at 325. A party cannot be held liable under Section 1983 absent a showing that the party personally participated in, or otherwise authorized, approved or knowingly acquiesced in, the allegedly unconstitutional conduct. *See e.g. Leach v. Shelby Co. Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989), *cert. denied*, 495 U.S. 932 (1990); *Hays v. Jefferson*, 668 F.2d 869, 874 (6th Cir.), *cert. denied*, 459 U.S. 833 (1982). *See also Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir.), *cert. denied* 469 U.S. 845 (1984).

Supervisory officials can be held liable for the acts of their subordinates only if plaintiff establishes that the supervisor failed to appropriately discharge his supervisory duties, and that this failure resulted in a denial or deprivation of plaintiff's federal rights. *See e.g. Leach*, 891 F.2d at 1246; *Hayes v. Vessey*, 777 F.2d 1149, 1154 (6th Cir. 1985). However, the failure of a

supervisor to supervise, control or train the offending employee is not actionable absent a showing that the official implicitly encouraged, authorized, approved or knowingly acquiesced in, or in some other way directly participated in, the offensive conduct. *Leach*, 891 F.2d at 1246. Such a claim requires, at a minimum, that the official had knowledge of the offending employee's conduct at a time when the conduct could be prevented, or that such conduct was otherwise foreseeable or predictable. *See e.g. Gibson v. Foltz*, 963 F.2d 851, 854 (6th Cir. 1992). In addition, plaintiff must show that defendant had some duty or authority to act. *See e.g. Birrell v. Brown*, 867 F.2d 956, 959 (6th Cir. 1989) (lower level official not liable for shortcomings of building); *Ghandi v. Police Dept. of City of Detroit*, 747 F.2d 338, 351 (6th Cir. 1984) (mere presence at the scene is insufficient grounds to impose Section 1983 liability in the absence of a duty to act); *accord Hall v. Shipley*, 932 F.2d 1147 (6th Cir. 1991). In addition, merely bringing a problem to the attention of a supervisory official is not sufficient to impose such liability. *See Shelly v. Johnson*, 684 F. Supp. 941, 946 (W.D. Mich. 1987) (Hillman, C.J.), *aff'd* 849 F.2d 228 (6th Cir. 1988). Finally, supervisory liability claims cannot be based on simple negligence. *Leach*, 891 F.2d at 1246; *Weaver v. Toombs*, 756 F. Supp. 335, 337 (W.D. Mich. 1989), *aff'd* 915 F.2d 1574 (6th Cir. 1990).

Plaintiff has not alleged facts establishing that Defendant McQuiggin was personally involved in the activity which forms the basis of his claim. Defendant McQuiggin's only role in this action involved the denial of administrative grievances or the failure to act. Defendant McQuiggin cannot be liable for such conduct under § 1983. *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999), *cert. denied*, 530 U.S. 1264 (2000). Accordingly, the Court concludes that Plaintiff's claims against Defendant McQuiggin are properly dismissed for lack of personal involvement.

**Conclusion**

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Defendant McQuiggin will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court will serve the complaint against Defendants McCullough, Stallman, and Stieve.

An Order consistent with this Opinion will be entered.


Dated:     10/28/2011                */s/ R. Allan Edgar*
                                                       R. Allan Edgar
                                                       United States District Judge